UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FERNANDO CORNEJO-GARCIA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:26-CR-40-KAC-JEM |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Fernando Cornejo-Garcia's Motion to Continue Trial and Enlarge Relevant Deadlines [Doc. 19], which he filed on September 23, 2026.

Defendant asks to continue the October 27, 2026 trial date and all relevant pretrial deadlines [*Id.* at 1]. As grounds, Defendant states the Court appointed defense counsel at his initial appearance on May 27, 2026 [*Id.* ¶ 1]. Defendant submits that his counsel and the Government are in "active negotiations to resolve this matter" and that additional time would is needed to schedule a change of plea hearing if an agreement is reached [*Id.* ¶ 1]. Defendant requests additional time and does not oppose a trial continuance [*Id.* ¶¶ 1, 2]. The Government does not object to a trial continuance or to the extension of all relevant deadlines [*Id.* ¶ 5].

Based upon the information in Defendant's motion and the Government's lack of opposition, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a

miscarriage of justice and deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). The parties need additional time to discuss resolution of this matter and schedule a change of plea hearing, and if not successful, prepare the case for trial. The Court finds that all of this cannot occur before the October 27, 2026 trial date.

The Court therefore **GRANTS** Defendant's Motion to Continue Trial and Enlarge Relevant Deadlines [**Doc. 19**]. The trial of this case is reset to **January 19, 2027**. A new trial schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on September 23, 2026, and the new trial date is fully excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's Motion to Continue Trial and Enlarge Relevant Deadlines [**Doc. 19**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **January 19, 2027, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **September 23, 2026**, and the new trial date of **January 19, 2027**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 18, 2026**;

(5) the deadline for filing motions *in limine* is **January 4, 2027**, and responses to motions *in limine* are due on or before **January 12, 2027**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **January 5, 2027, at 1:15 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 8, 2027**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge